**UNITED STATES COURT OF APPEALS**
**Filed 3/18/96**
**FOR THE TENTH CIRCUIT**

_____

ROY W. COWINS, )
                                          )
    Plaintiff-Appellant, )
                                          )      No. 95-7044
v. )   (D.C. No. CV-94-610)
                                          )      (E.D. Oklahoma)
DEPARTMENT OF VETERAN AFFAIRS; )
JESSE BROWN, Secretary; JOE )
SMITH, )
                                          )
    Defendants-Appellees. )

_____

**ORDER AND JUDGMENT**[1]

_____

Before PORFILIO, MCKAY, and KELLY, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted

---

[1] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470.

without oral argument.

This is an appeal from an order dismissing plaintiff's civil rights complaint because his counsel did not attend a pre-trial status and scheduling conference.  According to the record before us, the court set the conference for December 22, 1994.  On December  21, 1994, plaintiff's counsel filed a motion for continuance in which counsel stated a death had occurred in his "immediate family" and that he had to fly to Greenville, South Carolina, for a funeral scheduled at 2:00 PM that day.  The motion was accompanied by counsel's statement made under 28 U.S.C. § 1764 (unsworn statements made under penalty of perjury).  The statement recited and verified the facts asserted in the motion.  Also included in the filing was a statement of counsel advising the court although formal service had not been obtained on the defendant government parties, a copy of the motion and the advisory were served on the United States Attorney.

On the following day, a minute order was entered dismissing the case for the failure of "plaintiff's counsel to appear at Status & Scheduling conference."  Plaintiff's counsel moved for reconsideration restating the grounds upon which the motion for continuance had been filed and asking for reinstatement of the cause.  A subsequent minute order was entered denying the motion for reconsideration because "plaintiff made no effort to prove the matter, and, not only did he not appear at the Status & Scheduling

Conference but he did not retain local counsel as required by Local Rule 4 (h)." The court also noted service had not been accomplished "within the last six weeks." This appeal followed.

We judge the dismissal of a case following non-appearance of counsel by an abuse of discretion standard. ***Ikerd v. Lacy***, 852 F.2d 1256, 1258 (10th Cir. 1988). As we noted in ***Ikerd***, sanction of counsel for failure to obey a scheduling order is provided in Fed. R. Civ. P. 16(f). ***Id.*** Nonetheless, the sanction should be appropriate to the offense. Here counsel informed the court of the family emergency with which he was faced and did so under the penalty of perjury. Nothing in the record indicates his assertions were untrue, that he filed the motions purely for the purpose of delay, or that anyone was prejudiced by his conduct. Moreover, it appears the government was put on notice, but did not appear to stake out a position in the case. Under these circumstances, the failure of service to the contrary notwithstanding, we believe the sanction was not in keeping with whatever offense was committed by counsel and that the dismissal of the case was an abuse of discretion.

The judgment of the district court is **REVERSED** and the cause **REMANDED** with instructions to reinstate the complaint.

**Entered for the Court**

John C. Porfilio
Circuit Judge

3